# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JUSTIN JAMES ALLEE** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00088 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **STREEVAL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Justin James Allee, Pro Se Plaintiff.*

The plaintiff, Justin James Allee, a federal inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). After review of the record, I find that Allee's separate request for interlocutory injunctive relief must be denied.

In Allee's motion seeking interlocutory relief, he speculates that federal prison authorities will somehow prevent him from responding to court orders. He asks the court to direct the Marshals Service to investigate in any instance where he fails to answer a court order, "to see if [he is' alive or being tortured" in the special housing unit. Notice, ECF No. 38.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

Allee's current pleading is built on nothing more than speculation. Even assuming that officers have made threats of such action, alleged threats alone do not support a claim that Allee has been, or is likely to be, deprived of constitutionally protected rights. *See, e.g., Wilson v. McKellar*, 254 Fed. App'x 960, 961 (4th Cir. 2007) (per curiam) (unpublished); *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999). As such, Allee's motion fails to show any likelihood of success on the merits of the claims in his motion or that court intervention is required to prevent harm.

Accordingly, Allee's motion fails to state facts on which he can meet all four of the required showings under *Winter*. Because I thus cannot find that he is entitled to the extraordinary interlocutory injunctive relief that he seeks, it is **ORDERED** that the motion, ECF No. 38, is DENIED.

                                                ENTER: July 2, 2021

                                                /s/ JAMES P. JONES  
                                                United States District Judge