# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN J. ALLEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00088 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CARVAJAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Justin J. Allee, Pro Se Petitioner.*

The plaintiff, Justin J. Allee, a federal inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Allee, in a series of amended pleadings, raised multiple, unrelated claims that the court severed into separate civil actions. This case consists of Allee's original Claim No. 3, alleging that the defendant prison officials retaliated against him for filing administrative complaints. After reviewing the record, I find that this action must be summarily dismissed.

---

[1] When he filed his Complaint, Allee was confined at the United States Penitentiary Lee, located in this judicial district.

I.

In the Order severing Allee's claims, the court summarized Claim No. 3 of the Third Amended Complaint (titled "Retaliation") as follows:

> On January 14, 2021, after Allee had tried to file a "sensitive complaint" to the regional administration, he was directed to file it at USP Lee, which he did; thereafter, "S.I.S. LaFave and J. Robbins" came to Allee's unit, strip searched him, went to his cell, planted a weapon in that cell, "found the planted weapon," and took Allee to the "SHU" (*id.* at 8.); LaFave and Robbins had threatened Allee weeks before, because of his filing administrative remedies; officers seized Allee's administrative remedies and his requests for an investigation "resulted in a stonewall" (*id.* at 9); in late January 2021, while doing SHU rounds, the warden and the captain made statements about the retaliatory intent of these events.[2]

Op. & Order 4, ECF No. 49 (quoting Third Am. Compl. ECF No. 48). Because the Third Amended Complaint does not make a clear statement of the relief sought, I liberally construe the pleading as seeking monetary damages. Allee has consented to pay the filing fee for this separate civil action containing Claim No. 3.

II.

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In *Bivens*, the Supreme Court recognized an implied

---

[2] Specifically, Allee alleges that Warden Streeval said to him: "Told you we'd fix your misconduct free report. We don't negotiate with prisoners." Third Am. Compl. 9, ECF No. 48. Allee alleges that the captain said: "Your days are numbered." *Id.*

damages remedy against federal officers for Fourth Amendment violations regarding a warrantless search and arrest. 403 U.S. 388, 397 (1971). The Supreme Court has explicitly recognized only two other claims actionable under the *Bivens* rubric: *Carlson v. Green*, 446 U.S. 14, 20–21 (1980) (recognizing Eighth Amendment claim based on failure by federal prison officials to address serious medical condition); *Davis v. Passman*, 442 U.S. 228, 243 (1979) (recognizing a Fifth Amendment claim based on sex discrimination). Otherwise, the Supreme Court has expressly rejected attempts to expand *Bivens* to cover other alleged constitutional violations. *Hernandez v. Mesa*, 140 S. Ct. 735, 744–50 (2020) (no *Bivens* remedy for cross-border shooting by federal officer); *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (*Bivens* remedy not available in action seeking damages following government hold-until-cleared order detaining illegal aliens following 9-11 attack).

Most recently, the Supreme Court held that "there is no *Bivens* cause of action for [a] First Amendment retaliation claim." *Egbert v. Boule*, 142 S. Ct. 1793 (2022). Moreover, in that decision the Court directed that courts

> may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an "alternative remedial structure." If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action. Importantly, the relevant question is not whether a *Bivens* action would disrupt a remedial scheme, or whether the court should provide for a wrong that would otherwise go unredressed[.] Nor does it matter that existing remedies do not provide complete relief. Rather, the court must ask only whether it, rather than the political branches, is better equipped to

      decide whether existing remedies should be augmented by the creation of a new judicial remedy.

*Id.* at 1804 (internal quotation marks and citations omitted).

      Allee's claims in this action rest on his contention that the defendants took adverse actions as retaliation against him for filing prison grievances. Allee had available prison administrative remedies and indeed alleges that he has exhausted such remedies. Third Am. Compl. 1, ECF No. 48. Pursuant to *Egbert*, I find that the *Bivens* remedy does not apply to this claim.

### III.

      For the stated reasons, I will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

      A separate Final Order will be entered herewith.

      DATED: August 17, 2022

      /s/ JAMES P. JONES
      Senior United States District Judge